**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v. CASE NO. 4:13cr41-RH/CAS

TYRONE RICO MORRIS,

Defendant.

_________________________________/

**ORDER DENYING THE MOTION TO RECONSIDER THE SENTENCE**

The defendant Tyrone Morris has moved to reconsider—that is, to reduce—his sentence. This order denies the motion.

Sentencing requires a careful analysis of all the factors listed in 18 U.S.C. § 3553(a). Even in the age of guidelines, this is an individualized process. One cannot look just at the guideline range to determine the appropriate sentence.

For Mr. Morris, that is a good thing. Mr. Morris received a sentence well below the guideline range. If it was as easy as looking at the guideline range and the amount of drugs involved in an offense, Mr. Morris's sentence would have been longer.

But alas, Mr. Morris still received a substantial sentence. He has moved to reconsider the sentence, asserting that a codefendant was as culpable but received a lower sentence. In truth, of the scores if not hundreds of defendants in this and other cases convicted before me of crimes like this, many have received longer sentences, and many have received shorter sentences, based on variations in the many factors that properly inform sentencing. It is an individualized process. Mr. Morris is neither the most nor the least culpable of the many defendants who have been sentenced in this court for similar crimes.

The sentences in this case resulted from hours of analysis and careful consideration. To the best of my ability, I got it right. If an equally culpable codefendant got a shorter sentence—something I do not believe occurred—it is at least as likely that the other sentence was too short, not that Mr. Morris's sentence was too long. Mr. Morris has no well-founded complaint.

Moreover, with narrow exceptions not applicable here, a district court cannot change a sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). If I thought I got it wrong when I sentenced Mr. Morris—I do not—I still would be unable to change the sentence. Mr. Morris can appeal, but he cannot receive a sentence reduction in this court unless he satisfies the narrow criteria of § 3582(c), which, at least at this time, he does not.

For these reasons,

IT IS ORDERED:

The motion to reconsider the sentence, ECF No. 265, is DENIED.

SO ORDERED on January 28, 2014.

s/Robert L. Hinkle
United States District Judge